IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Tawanda Blair, on behalf of I.L.B, | ) | Civil Action No. 8:11-cv-2099-RMG-JDA |
| | ) | |
| Plaintiff, | ) | **REPORT AND RECOMMENDATION** |
| | ) | **OF MAGISTRATE JUDGE** |
| vs. | ) | |
| | ) | |
| Michael J. Astrue, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on a motion to dismiss for lack of subject matter jurisdiction filed by Defendant Michael J. Astrue, Commissioner of Social Security ("the Commissioner"). [Doc. 21.] Plaintiff, proceeding pro se on behalf of her minor child I.L.B., brought this action pursuant to 42 U.S.C. §§ 405(g), 1383(c) to obtain judicial review of the denial of a claim for supplemental security income ("SSI").[1] [Doc. 1-1.] Pursuant to Local Civil Rule 73.02(B)(2)(a), D.S.C., and Title 28, United States Code, Section 636(b)(1)(B), this magistrate judge is authorized to review this matter and issue a Report and Recommendation to the District Court.[2] For the reasons set forth below, the Court recommends that the Commissioner's motion to dismiss be granted.

---

[1] Section 1383(c)(3) provides, "The final determination of the Commissioner of Social Security after a hearing under paragraph (1) shall be subject to judicial review as provided in section 405(g) of this title to the same extent as the Commissioner's final determinations under section 405 of this title." 42 U.S.C. § 1383(c)(3).

[2] A Report and Recommendation is being filed in this case, in which one or both parties declined to consent to disposition by a magistrate judge.

## PROCEDURAL HISTORY

Plaintiff's SSI claim was denied on August 17, 2009. [Doc. 21-2 at 5.] A claimant has 60 days after the date of the initial determination to request reconsideration. 20 C.F.R. § 404.909(a)(1). Plaintiff, however, did not file a request for reconsideration until January 12, 2010, nearly three months too late. [Doc. 21-2 at 5.] The Social Security Administration ("the Administration") denied Plaintiff's request for reconsideration on February 11, 2010 because the Administration did not find good cause for the late submission. [*Id.*] On January 29, 2010, Plaintiff filed a request for a hearing, and on July 17, 2010, Plaintiff provided an explanation regarding the untimely filing of the request for reconsideration. [*Id.*] The Administration denied Plaintiff's request for a hearing on August 19, 2010 because there had not been a reconsideration determination. [*Id.*] Thereafter, Plaintiff filed a request for review. [*Id.* at 3 ¶ 4(a).] On January 18, 2011, Plaintiff requested withdrawal of the request for review, and on March 25, 2011, the Appeals Council granted the request for withdrawal and dismissed the request for review. [*Id.* at 9.]

On June 27, 2011, Plaintiff filed a civil action in the United States District Court for the Middle District of Alabama. [*Id.* at 3 ¶ 4(c); Doc. 1-1.] Plaintiff relocated to South Carolina, and on August 9, 2011, the case was transferred to the District of South Carolina. [Doc. 1.] On December 12, 2011, the Commissioner filed a motion to dismiss for lack of subject matter jurisdiction based on Plaintiff's failure to exhaust her administrative remedies. [Doc. 21.] Plaintiff filed a response in opposition on December 21, 2011. [Doc. 22.] Accordingly, the Commissioner's motion is now ripe for review.

## APPLICABLE LAW

**Authority for Judicial Review**

The Social Security Act authorizes judicial review of adverse decisions rendered by the Commissioner. 42 U.S.C. § 405(g). The United States Supreme Court has enumerated three requirements for judicial review pursuant to § 405(g):

> (1) a final decision of the Secretary made after a hearing; (2) commencement of a civil action within 60 days after the mailing of notice of such decision (or within such further time as the Secretary may allow); and (3) filing of the action in an appropriate district court, in general that of the plaintiff's residence or principal place of business.

*Weinberger v. Salfi*, 422 U.S. 749, 763–64 (1975). The second and third requirements, which are waivable, specify, respectively, a statute of limitations and appropriate venue. *Id.* at 764. The first requirement—*a final decision of the Commissioner made after a hearing*—is mandatory; the Court stated, "We interpret the first requirement, however, to be central to the requisite grant of subject-matter jurisdiction—the statute empowers district courts to review a particular type of decision by the [Commissioner], that type being those which are 'final' and 'made after a hearing.'" *Id.*

**Process for Obtaining Judicially Reviewable Decision of Commissioner**

Under the Administration's regulations, an individual claiming entitlement to SSI benefits first receives an initial determination. 20 C.F.R. §§ 416.1400(a)(1), 416.1402. If dissatisfied with this determination, the claimant may ask for reconsideration. *Id.* §§ 416.1400(a)(2), 416.1407. If dissatisfied with the reconsidered determination, the claimant may request a hearing before an ALJ. *Id.* §§ 416.1400(a)(3), 416.1407, 416.1429. If the

3

claimant is dissatisfied with the ALJ's hearing decision, the claimant may request Appeals Council review of the decision. *Id.* §§ 416.1400(a)(4), 416.1467.

The Appeals Council may deny the request for review and allow the ALJ's decision to stand as the final decision of the Commissioner. *Id.* §§ 416.1467, 416.1481. Alternatively, the Appeals Council may grant the request for review and issue its own decision.[3] *Id.* In either event, the claimant may then seek judicial review of the Commissioner's final decision; thus, under the Administration's regulations, a claimant obtains a judicially reviewable final decision only if she completes the administrative appeals process and receives either (1) a decision by the Appeals Council, or (2) notice from the Appeals Council that it is denying her request for review. *Id.* §§ 416.1400(a)(5), 416.1481, 422.210.

## **DISCUSSION**

The record before the Court establishes Plaintiff failed to timely request reconsideration of the initial determination and later withdrew her request for review by the Appeals Council. [Doc. 21-2 at 5, 9.] Thus, Plaintiff failed to exhaust her administrative remedies because she failed to complete the administrative appeals process.[4]

As discussed above, § 405(g) expressly allows judicial review only of a "final decision," and Congress has left it to the Commissioner to determine what is a final decision. "The statutory scheme is thus one in which the [Commissioner] may specify such

---

[3] The Appeals Council may also remand the case to an ALJ. 20 C.F.R. § 416.1467. However, this action is not judicially reviewable. *See id.* § 416.1481.

[4] The Administration's regulations do provide for an expedited appeals process, which allows a claimant who does not dispute the Administration's findings of fact and application and interpretation of the controlling laws to go directly to a federal district court with a claim that part of the law is unconstitutional. 20 C.F.R. § 416.1400(a)(6). Nothing in the record indicates Plaintiff claims only that the applicable law is unconstitutional.

4

requirements for exhaustion as he deems serve his own interests in effective and efficient administration." *Weinberger*, 422 U.S. at 766. Because Congress has authorized judicial review only of a "final decision," as defined by the Commissioner, and Plaintiff has not exhausted the administrative remedies required to obtain such a "final decision," Plaintiff's Complaint must be dismissed. *See Heckler v. Ringer*, 466 U.S. 602, 618–19 (1984) (holding that the district court's dismissal was appropriate because of the plaintiff's failure to exhaust).[5]

## CONCLUSION AND RECOMMENDATION

Wherefore, based on the foregoing, it is recommended that the Commissioner's motion to dismiss [Doc. 21] be GRANTED.

IT IS SO RECOMMENDED.

s/Jacquelyn D. Austin
United States Magistrate Judge

February 29, 2012
Greenville, South Carolina

---

[5] The Commissioner may waive the exhaustion requirement when further exhaustion would be futile, such as when the claimant asserts a claim that is wholly collateral to her claim for benefits. *See Ringer*, 466 U.S. at 617–18. Here, Plaintiff has asserted only a claim for benefits [Doc. 1-1] and, therefore, this exception to the exhaustion requirement is inapplicable.

5